UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CAROL ROBERTS                                                      PLAINTIFF

v.                                            CIVIL ACTION NO. 4:18-CV-100-JHM

DAVID LONG et al.                                       DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Carol Roberts is proceeding *pro se* and *in forma pauperis* in this action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff names as Defendants various employees of the Liberty Mutual Insurance Company, as well as a management services company, and a private attorney. Plaintiff's complaint against the numerous Defendants is difficult to follow. The initiating document in this case refers to "proceeding according to the common law . . . for . . . pain and suffering, punitive damages, [and] charges, against those herein named . . ." having to do with injuries to or medical issues with her back, knees, and feet. Among the "counts" she lists are deprivation of rights under color of law; conspiracy to interfere with civil rights; Racketeer Influenced and Corrupt Organizations Act (RICO) racketeering; 18 U.S.C. §§ 241, 242, 1028, and 2332b; and a number of state-law claims. She also cites to 42 U.S.C. §§ 1983, 1985. Much of the complaint and attachments thereto consists solely of unsupported legal assertions not tied to any facts.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. *Allegations under Title 18 of the U.S. Code*

Title 18 of the U.S. Code contains provisions of the criminal code. As a private citizen, Plaintiff lacks "a judicially cognizable interest in the prosecution or nonprosecution" of

Defendants under these statutes. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Simply put, Plaintiff as a private citizen may not enforce the federal criminal code. *Abner v. Gen. Motors*, 103 F. App'x 563, 566 (6th Cir. 2004); *Am. Postal Workers Union, Detroit v. Indep. Postal Sys. of Am.*, 481 F.2d 90, 93 (6th Cir. 1973). Accordingly, Plaintiff lacks standing to maintain the current action insofar as it purports to be brought under these federal statutes, and the Court must dismiss these claims for failure to state a claim upon which relief may be granted. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008) (per curiam) (affirming district court's dismissal of a civil action brought under 18 U.S.C. §§ 241 and 242).

### *B. RICO*

Plaintiff's bare reference to the RICO statute is insufficient to state a claim. To state a civil RICO claim, a plaintiff must establish four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Plaintiff has not alleged these elements or linked them to the alleged facts. The Court will dismiss this claim.

### *C. § 1983 claims*

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). Here, Plaintiff does not allege that any Defendant is a government actor, and there is no suggestion by Plaintiff that any Defendant is a government actor. Consequently, Plaintiff has not stated a § 1983 claim.

## D. § 1985 claims

To the extent that Plaintiff is attempting to raise a claim under 42 U.S.C. § 1985(3), the Court finds that Plaintiff fails to do so. In order to prove a claim of conspiracy in violation of 42 U.S.C. § 1985(3), Plaintiff must prove: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or the deprivation of any right or privilege of the United States. *Johnson v. Hills & Dales Gen. Hospital*, 40 F.3d 837, 839 (6th Cir. 1994). Plaintiff must also show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus, *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), and "[a] class protected by section § 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender." *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994). Further, to state a claim for conspiracy under § 1985(3), there must be specific factual allegations showing the existence of the conspiracy, as well as allegations that the Defendants acted with the specific intent to deprive Plaintiff of equal protection of the law; general, conclusory allegations are not enough. *Azar v. Conley*, 456 F.2d 1382, 1384 (6th Cir. 1972).

In the present case, Plaintiff has not alleged that there existed a conspiracy that was motivated by any racial or other class-based animus, and Plaintiff's allegations concerning conspiracy are entirely conclusory. Consequently, this claim will be dismissed, as well.

*E. State-law claims*

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims.[1] *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date: September 17, 2018

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4414.009

---

[1] Diversity jurisdiction does not exist in this action because Plaintiff is a resident of Kentucky as are some Defendants. For diversity jurisdiction to exist, there must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in *Owen*)).